EDMUND WARREN *versus* GEORGE T. JONES.

The defendant sold plaintiff all his " apparatus for making soap — all ashes and soap on hand," &c., "*also all his trade and customers :*"—*Held*, that the last clause contains no such latent ambiguity as would require that the construction of the contract should be submitted to a jury, with parol testimony tending to show the intention of the parties : —

That the real intention of the parties cannot be doubtful when the entire contract is considered; and a sale of " all his trade and customers," must be legally interpreted, that the defendant would not interfere with the plaintiff within the circuit of his usual custom; and, evidence that he had so done, was admissible : —

Such a contract is not against the policy of the law, and, if it were, the defendant should not be permitted to make that defence while he retained the consideration paid.

EXCEPTIONS from the ruling of GOODENOW, J.

This was an action on a contract of sale of the defendant's apparatus for the manufacture of soap, the ashes and soap on hand, and the good will and trade in Kennebunk and vicinity.

The plaintiff opened the case to the jury, and offered the following evidence, viz. : — That on and prior to the 16th day of October, 1858, the defendant was engaged in the business of the manufacture and sale of soap in the towns of Kennebunk, Kennebunkport, Wells and Lyman; and had carried on and was then carrying on trade with customers residing in those towns; that, on that day, the defendant, by a parol contract, agreed with the plaintiff that, in consideration that he would purchase of him, the defendant, the several items named in a writing hereafter named, and would pay him therefor the sum of $200, he, the said defendant, would do no more business in said manufacture and sale of soap within the towns aforesaid, or trade with the customers aforesaid ; that the plaintiff accepted the terms of said agreement, and did purchase the several items named in said writing, and, that after said agreement was completed, and the consideration of $200 paid by the plaintiff

to the defendant, the plaintiff wrote the writing merely as a receipt for the consideration paid, and not as embodying the agreement aforesaid; that the said agreement was executed by the said defendant; that the parol agreement aforesaid was the principal inducement for the plaintiff to make the purchase aforesaid, and that immediately after the said agreement, the plaintiff commenced the business of the manufacture and sale of soap in the towns aforesaid, and traded with the customers aforesaid; that the defendant, contrary to his said agreement, soon after, to wit, on the 17th day of December, 1858, again commenced and continued, to the day of the date of the writ, the manufacture and sale of soap within the towns aforesaid, and traded again with said customers; that, in consequence of his so doing, the plaintiff was greatly injured in his said business, and was obliged, in a short time, to discontinue his said business altogether, and to sell out at a great sacrifice, because the convenience and necessity of the towns aforesaid, and of the customers aforesaid, did not require and would not support an additional soap manufactory.

The plaintiff also offered to prove that the defendant, several days after the completion of the agreement aforesaid, and, after the execution of said writing, admitted that he had agreed as aforesaid with the plaintiff not to engage again in the manufacture and sale of soap aforesaid, within the aforesaid towns, or trade again with said customers.

The defendant objected to the admission of the aforesaid evidence, on the ground that there was a written contract, which was produced by the plaintiff, and is the writing before referred to.

The plaintiff denied that there was any such written contract, but admitted that he took the writing, at the time and manner aforesaid and for the purpose above stated, but that it did not embody, and was not intended to embody, the aforesaid verbal agreement. There was no other consideration for said agreement of defendant than that above stated, but the plaintiff offered to prove that seventy-five dollars

of said purchase money was paid in consideration of said agreement.

The Court ruled that the evidence offered by the plaintiff was inadmissible to add to, alter or control said written contract.

The plaintiff, then, under the ruling of the Court, amended the writ by adding a new count upon said paper, and offered in evidence said writing, the execution of which was admitted, and then again offered all the evidence above stated. But the Court ruled that the action could not be maintained, and ordered a nonsuit. The plaintiff excepted.

*Bourne & Stone,* in support of the exceptions.

*Dane, contra.*

The opinion of the Court was drawn up by

CUTTING, J.—In our view, of this case, it becomes unnecessary to consider the rulings of the Judge at *Nisi Prius,* made previous to the amendment of the writ, by the insertion of the new count on the written contract, which was as follows, viz. :—            " Kennebunk, Oct. 16, 1858.

" Mr. Edmund Warren,

" Bo't of George T. Jones,

" All the apparatus for making soap, consisting of boilers, leaches, bbls., tubs, &c. ; also, all the ashes and soap, &c., now on hand; also, one wagon, one pung-double runners ; *also, all my trade and customers.*

" Rc'd payment by cash and notes,

" George T. Jones."

Upon the introduction of this written contract, or bill of sale, it was incumbent on the Judge to give the legal construction, unless it embraced some latent ambiguity; in which event he should have submitted the construction to the jury, together with such parol testimony as might tend to the ascertainment of the intention of the parties.

It is only the last clause in the contract, which leads to any embarrassment. But, in our opinion, the perplexity was not so great as to need the intervention of the jury.

Taking the whole contract together, can there be any doubt as to the real intention of the parties? In short, the plaintiff purchased " all the defendant's apparatus for making soap," the real value of which might depend in a great degree upon subsequent competition in that business in the neighborhood, where the same had been successfully carried on by the vendor, whom the vendee might well fear as a successful rival. To avoid such a contingency, the defendant conveyed " all his trade and customers," which, being legally interpreted, must mean that he would not interfere with the plaintiff within the circuit of his usual custom. The plaintiff offered evidence that he had so interfered, which we think should have been admitted. We are also of the opinion that the contract was not against the policy of the law; if otherwise, it is not for the defendant to invoke it and at the same time retain the consideration.

*Exceptions sustained, — Nonsuit taken off, —*
*And the case is to stand for trial.*

TENNEY, C. J., APPLETON, MAY and DAVIS, JJ., concurred.