**In re the MARRIAGE OF Jo Ann F. VALLEY, Appellee,**

**and**

**Harold E. Valley, Appellant.**

**No. 80CA0063.**

Colorado Court of Appeals, Div. I.

Sept. 3, 1981.

Goluba & Goluba, David Goluba, Glenwood Springs, for appellee.

T. Peter Craven, Mary L. Everstine, Glenwood Springs, for appellant.

COYTE, Judge.

Husband appeals from an order of the trial court impressing a lien upon a parcel of real estate held in his name to secure future payments owed to his former wife by virtue of a dissolution of marriage settlement agreement. This agreement was incorporated into a formal decree and made an order of the court. We affirm.

Husband, on appeal, contends that in the property settlement agreement, each party waived and released any claim he or she might have against each other's property and that the court by impressing a lien on husband's property, in effect, is modifying the court decree. We disagree.

The evidence indicates that husband was required under the settlement agreement to make substantial annual payments to wife in the amount of $13,500, but he failed to make two payments and had only made those payments after being cited into court for contempt. Wife then filed a motion to impress a lien on husband's property. The evidence revealed that the husband has stated that he has no intention of making future payments, that he intends to leave the jurisdiction of the court, that he owned property held in the names of third parties, and that he was going to dispose of his property and leave Colorado so as to avoid making the ordered payments.

The court found that it was unlikely that husband would make future payments to wife without further court order and supplemental proceedings and that there was sufficient reason to believe husband intended to leave the court's jurisdiction to avoid making future payments. These findings are supported in the record and are binding on us on appeal. *Linley v. Hanson*, 173 Colo. 239, 477 P.2d 453 (1970).

Contrary to husband's contention, the decree has not been modified by the order impressing a lien upon certain of his property.[1] Defendant still owns his property and is not required to do anything different with the property than he had previously done. *See Berge v. Berge*, 33 Colo.App. 376, 522 P.2d 752 (1974). However, by threatening to dispose of his property and to put himself beyond the jurisdiction of the trial court so that he could not be forced to make the payments required by his agreement, which became an order of court, he thereby invited the court to impress a lien upon his property.

As stated in § 14–10–112(5), C.R.S.1973:

"The terms of the agreement set forth in the decree may be enforced by all remedies available for the enforcement of a judgment, including contempt . . . ."

*See also* § 14–10–118(2), C.R.S.1973:

"Assignments and enforcement of orders.

\*　　\*　　\*　　\*　　\*　　\*

(2) The court has the power to require security to be given to insure enforcement of its orders, in addition to other methods of enforcing court orders prescribed by statute or by the Colorado rules of civil procedure on or after July 6, 1973."

Order affirmed.

STERNBERG and KIRSHBAUM, JJ., concur.

---

1. Since the decree was not modified, we do not reach the question of a trial court's authority to modify a decree under certain circumstances.

*See In Re Marriage of Stroud*, Colo., 631 P.2d 168 (1981).