**In re the MARRIAGE OF Janeen Marie FISCHER, Appellee,**

**and**

**Raymond James Fischer, Appellant.**

**No. 91CA1120.**

Colorado Court of Appeals, Div. V.

June 18, 1992.

No appearance for appellee.

Lynch & Lynch, Kimberley A. Martin Lynch, Telluride, for appellant.

Opinion by Chief Judge STERNBERG.

In this dissolution of marriage action, the trial court awarded the family business to Janeen Marie Fischer (wife) and ordered that Raymond James Fischer (husband) provide the wife with a noncompetition

agreement. Husband appeals, and we affirm.

This appeal involves a second marriage dissolution between the spouses. The parties stipulated to child custody and support, but could not agree as to the value or disposition of their business, Doktor Lens, which consisted primarily of a one-hour photography processing laboratory.

The trial court concluded that the business had a net value of $73,419, which included goodwill. The court based its valuation of goodwill upon the average cash flow of the business during the 4 years preceding the hearing capitalized at a discount rate of 25 percent. It found that the wife had established that she was able to operate the business, but was unable to earn a living as a photographer, as the husband could. Accordingly, the court awarded the business to the wife and ordered that she sign a note in the amount of $36,000 payable to the husband over 7 years, with interest at 10 percent per year and 21 percent in the event of default.

In addition, relying on *Lord v. Lord*, 454 A.2d 830 (Me.1983) and *In re Marriage of Garcia*, 638 P.2d 848 (Colo.App.1981), the trial court concluded that it had both the responsibility and the authority to impose appropriate conditions in connection with the distribution of the business. It concluded that in order to protect the goodwill of the business, a noncompetition agreement was necessary to prevent the husband from competing with the business within 20 highway miles of Telluride for 3 years. The court also concluded that a portion of the $36,000 that the husband would receive constituted compensation to him for the restrictions placed upon his ability to earn a living in the Telluride area during the effective period of the covenant not to compete. The court expressly provided that the noncompetition clause should carefully avoid restricting the husband's ability to earn a living as a photographer in the Telluride area.

## I.

The husband does not appeal the court's valuation of the business; rather, he asserts that the trial court does not have the authority to order him to enter into a covenant not to compete. We disagree.

■ The mechanism employed by the trial court for dividing the marital property is a matter within its discretion. *In re Marriage of Dickey*, 658 P.2d 276 (Colo.App. 1982). Thus, for example, the trial court may order the sale of marital property, *In re Marriage of Weaver*, 39 Colo.App. 523, 571 P.2d 307 (1977); award a business to one party and a promissory note to the other, *In re Marriage of Bayer*, 687 P.2d 537 (Colo.App.1984); require that security be given to insure enforcement of its orders, *In re Marriage of Valley*, 633 P.2d 1104 (Colo.App.1981); enter a "charging order" to protect a spouse's interest in a partnership interest found to be marital property, *In re Marriage of Weiss*, 695 P.2d 778 (Colo.App.1984); or enter appropriate orders to distribute a pension which has accrued during the marriage. *In re Marriage of Grubb*, 745 P.2d 661 (Colo. 1987); *In re Marriage of Blake*, 807 P.2d 1211 (Colo.App.1990).

■ Therefore, as a threshold matter, we conclude that the trial court has the authority in a dissolution action to utilize the mechanism of a covenant not to compete. The purpose of such a restriction is to protect the goodwill of the business awarded to the wife. *See Gibson v. Eberle*, 762 P.2d 777 (Colo.App.1988). Such a covenant, however, must not otherwise be precluded by § 8–2–113(2), C.R.S. (1986 Repl.Vol. 3B).

## II.

■ Under § 8–2–113(2), a covenant which restricts the right of a person to receive compensation for work performed for an employer is void ab initio unless it fits into one of the statutory exceptions. *Management Recruiters of Boulder, Inc. v. Miller*, 762 P.2d 763 (Colo.App.1988). This limitation does not apply to any contract for the purchase and sale of a business or the assets of a business. Section 8–2–113(2)(a), C.R.S. (1986 Repl.Vol. 3B). Nor does it apply to executive and manage-

ment personnel and officers and employees who constitute professional staff to executive and management personnel. Section 8–2–113(2)(d), C.R.S. (1986 Repl.Vol. 3B).

Here, the husband received $36,000 in return for his share of the business. In addition, wife's expert testified that part of the value of the goodwill of a business usually includes a covenant not to compete based upon the assumption that one person is selling his or her interest to the other. Indeed, he specifically stated that his valuation of Doktor Lens was based on the assumption that it was an ongoing 50/50 partnership and that one of the partners was buying out the other. He further opined that it would be very detrimental to the viability of the business if the spouse not awarded possession were allowed to open his or her own separate shop in the same community.

Husband's expert agreed that a noncompetition agreement was a necessary part of the court's division of the business and also testified that the lack of a noncompetition agreement would substantially reduce the value of the business.

■ Thus, we conclude that the transfer of a business interest to one spouse as part of the disposition of property in a dissolution action is analogous to a sale of the business and, therefore, falls within the exception of § 8–2–113(2)(a). *See Boulder Medical Center v. Moore,* 651 P.2d 464 (Colo.App.1982). *See also Harrison v. Albright,* 40 Colo.App. 227, 577 P.2d 302 (1977).

■ We further conclude that husband and wife, being the sole owners and operators of the business, with the exception of occasional and seasonal contract help, were "in charge" of the business and, thus, were also exempt from the operation of the statute pursuant to § 8–2–113(2)(d). *See Harrison v. Albright, supra; Porter Industries, Inc. v. Higgins,* 680 P.2d 1339 (Colo. App.1984).

### III.

■ Husband next asserts that the court failed to articulate the components of the

goodwill and, therefore, argues that the matter must be remanded to the trial court as in *Lord v. Lord, supra,* for further definition regarding the nature and components of the goodwill included in the determination of value. We are not persuaded.

In *Lord,* the court cautioned that there is a critical need for specificity when a covenant not to compete is ordered as part of a decree of dissolution because such covenant results from a court order rather than an agreement of the parties. It also recognized that the validity of any restraint will depend upon the need for protecting the value of the asset in question. Therefore, since the record there did not reveal whether the value determined for goodwill was premised solely upon renewal income or whether it included a measure of value for sources of new business within the market area, the *Lord* court remanded the matter to the trial court to define the nature and components of the goodwill included in the determination of value.

Here, however, the trial court expressly provided that its determination of goodwill was based "upon the average cash flow during the last four years, times four." Thus, the valuation was premised upon continued business at the historical level that had been enjoyed during the marriage.

In addition, the testimony of both experts here supports the court's conclusion that a covenant not to compete was not merely reasonably necessary to protect the viability of the asset, but essential. Therefore, the record supports the determination of the need for a covenant, and a remand is unnecessary.

### IV.

■ Finally, the husband contends that the covenant not to compete was unreasonable and unduly burdensome. However, we conclude that this contention is without merit.

Here, the trial court minimized the length and duration of the prohibition

against competition. It also stated, by way of example, that the covenant included Ophir, Fall Creek, and Placerville, but not Ouray. In addition, the court expressly provided that the husband was not precluded from pursuing his photography work. Thus, we perceive no error. *See National Graphics Co. v. Dilley*, 681 P.2d 546 (Colo. App.1984).

Order affirmed.

NEY and RULAND, JJ., concur.