STATE OF MAINE

KENNEBEC, ss.

MAINE VOCATIONAL
ASSOCIATES, INC.

     Plaintiff

v.

ADAM WAY,

     Defendant

SUPERIOR COURT
CIVIL ACTOIN
DOCKET NO. CV-07-045
DHM - KEN-9/27/2007

**DECISION AND ORDER**

DONALD GARBRECHT
LAW

JAN 2 4 2008

On April 19, 2007, this court heard arguments and testimony in this matter. Plaintiff has moved for an injunction restraining defendant from continuing to operate his business, EMPOWERS, which plaintiff claims is in breach of a non-competition agreement entered into by the parties. Both parties have submitted post-trial briefs in this matter that are considered in this court's decision.

Plaintiff, Maine Vocational Associates, Inc. ("MVA"), is half owned by John Jones. It was established 15 years ago and now operates in Portland, Lewiston, Augusta, Rockland, Belfast and Bangor. Its business is to assist those with disabilities in obtaining employment in the state of Maine. MVA does so by directly obtaining customers and through referrals from the State of Maine Bureau of Vocational Rehab ("Bureau"). Currently, MVA is the largest and most successful of such businesses in Maine, receiving approximately 99% of its referrals from Bureau.

In order to receive referrals from Bureau, a company must be approved and licensed by the State. Once licensed, Bureau provides its consumers the company's name and contact information (along with all others licensed and approved in the area) when the consumer is seeking employment. These lists are called "Consumer Choice"

lists and are published by the Bureau. Either alone or with the help of a State Vocational Counselor ("VC"), a consumer chooses a company from the list to become its client. The State in this process acts only as a referral agent. Thus, as Jones testified, much of the business of the company is based on those personal relationships forged by its employees with VCs.

Jones attributes MVA's success to the "strategies" it employs in obtaining referrals. These strategies, plaintiff contends, are passed on to its Employee Specialists who are trained through written materials, on-the-job experience and mentoring. Employee Specialists' job duties are to take referrals from Bureau, get jobs for people, job coaching, assisting with resume production, and various other tasks assisting clients to find employment. Additionally, through their job experience, Employee Specialists cultivate useful personal relationships with VCs. Employment Specialists also handle client files that contain confidential information between the client and the Bureau. All of this, as testified to by long time employee of the plaintiff, Julian Berard, qualifies him to be a service provider.

After the first few years of operation the officers of MVA, including Jones, decided to put in place a non-competition agreement and researched multiple agreements, ultimately drafting one.[1] It provided:

> In the course of my employment with Maine Vocational Associates I will have access to information, direct contact with and involvement with, customers and referral agents of MVA. I will also be provided with information and training pertaining to MVA's business strategies, techniques, practices and customers, which is not generally known in the industry. I realize that MVA will make a substantial investment in training me, that the information to be provided to me by MVA is

---

[1] There's some question here whether the officers consulted an attorney in drafting the agreement, the court agrees that the document fails to have the precision that one would expect of attorney work-product, but sees little relevance to whether an attorney prepared it. What is relevant is the document itself.

confidential and provides a business advantage to MVA. Therefore I acknowledge that the following restrictions are reasonable to protect MVA's legitimate business interests in it's [sic] business information, it's [sic] relationships and investments in me.

**1.)** **Confidential or Proprietary Information**:

I agree that during or at any time following my employment with MVA, I will not disclose any confidential or proprietary information, to any person, firm, corporation or any other entity other than MVA, for any reason whatsoever. I also agree that I will not use any of the information that I have obtained for my own purpose or the benefit of any person, firm, corporation or any other entity other than MVA.

**2.)** **Non Solicitation of Customers, Referral Agents, and Employee's**

During the term of employment of MVA and for a period of two years thereafter, I will not solicit, divert or attempt to diver from MVA any customer, potential customer, referral agent, potential referral agent, employee, or potential employee that have [sic] been exposed to me during my experiences as an employee of MVA.

**3.)** **Non Retention of Material**

Upon termination of employment, I will promptly deliver to MVA all manuals, letters, notes, notebooks, customer lists, and any written or printed material pertaining to the business of MVA that is in my possession. I also agree not to keep copy or deliver any of this information.

**4.)** **Conflict of Interest**

I agree not to participate, as an owner or part owner, in any proprietorship, partnership, firm, corporation, or other organization or entity that directly or indirectly competes with MVA, or has a business relationship with MVA, without express written consent of the president of MVA.

**5.)** **Termination of Employment**

Nothing in this Agreement shall be construed to constitute an agreement of commitment or employment by MVA for any particular period of time or to limit in any way the right of MVA or myself to terminate my employment at will.

**6.)** **Remedies Upon Breach:**

I recognize and acknowledge that MVA has a legitimate competitive interest in prohibiting the activities outlined in this Agreement. In the event of any default in, or any breach of any of the terms, conditions and provisions of this Agreement by me, MVA reserves the right to persue [sic] any and all lawful remedies. Accordingly, I agree that in such events, MVA will have the right to specific performance and or injunctive relief in addition to any and all other remedies and rights at law or in equity, and such rights and remedies shall be cumulative. I also agree to pay MVA's actual attorney costs and fees in any action to enforce this Agreement.

**7.)** **Applicable Law**

This agreement shall be construed according to the laws of the State of Maine.

*I acknowledge that I have received and read a copy of this Agreement, that I it's* [sic]*, and that I will observe and fully comply with it's* [sic] *provisions.*

Defendant Adam Way worked for MVA as an Employment Specialist on two separate occasions for a total of nineteen months. First in 2003 and again upon rehiring in 2006, defendant signed the above agreement. There is some disagreement amongst the parties as to the training defendant received under the employ of plaintiff. Jones testified that defendant participated in an extensive training program developed by Jones and the other officers of MVA in which defendant and other new employees were taught the tools of the trade by senior Employment Specialists. Defendant testified that he received no formal training but rather learned by working.

After terminating his employment in 2006, defendant developed the idea of EMPOWERS, which he organized in December 2006 for which he obtained provisional approval of a State license and subsequently opened for business on February 12, 2007. Provisional approval allows EMPOWERS to receive referrals from Bureau. EMPOWERS received a provisional license in part because he had not completed training that is part of the protocol required by the Bureau. Melvin J. Gleason, Rehabilitation Consultant for the Bureau, testified that EMPOWERS did not have proper certification of training outlined in the Bureau's protocol.[2] Since opening for

---

[2] This is a point of great debate in the post-trial briefs offered by both parties. Generally, defendant's argument (based on Gleason's testimony) is that Employment Specialists at MVA are not required to receive such training because MVA was certified by the Bureau to be Accredited by the Commission on Accreditation of Rehabilitation Facilities ("CARF"). Defendant also argues that as a condition to this accreditation MVA was required to maintain records indicating that its Employment Specialists had been trained internally, and that plaintiff had failed to adduce evidence demonstrating that defendant had been so trained. Gleason's testimony does not support defendant's argument. Gleason refused to say that defendant lacked requisite training. Gleason refused to answer questions regarding the necessity of maintaining documentation of employee training. Ultimately, Gleason testified as to his licensing decisions and the need for employee training for CARF accreditation "all I look for is that you come out with – you're approved for one year or you're approved for three years which covers all of your staff. So you may have new staff that have come aboard that haven't become fully trained yet. And there's a whole range there. So, again, it's not black and white".

business EMPOWERS has worked with 11 clients from Bureau referrals and contends that it has no intention of doing business with any of plaintiff's clients, past or present.

The terms of the agreement are not a model of precision. However, neither they, nor the plaintiff's attempt to enforce them, leave much ambiguity. Plaintiff contends that by opening EMPOWER and continuing to operate it, defendant violated the terms of the agreement. This leaves only for resolution whether as applied to defendant the non-competition agreement is reasonable. Covenants not to compete "are contrary to public policy and will be enforced only to the extent that they are reasonable and sweep no wider than necessary to protect the business interests in issue." *Lord v. Lord*, 454 A.2d 830, 834 (Me. 1983). Determination of reasonability is an issue of law determined by the court. *Chapman & Drake v. Harrington*, 545 A.2d 645, 647 (Me. 1988). "The reasonableness of a specific covenant must ultimately be determined by the facts developed in each case as to its duration, geographic area and the interests sought to be protected." *Id.* Since this question is based greatly on the particular circumstances of the case, this court must "assess that agreement only as [plaintiff] sought to apply it and not as it might have been enforced." *Id.* Plaintiff seeks to enforce the agreement to enjoin defendant from continuing to operate EMPOWER.

Defendant first argues that the introductory language indicating that he would be provided information and training not generally known in the industry and that MVA would make a substantial investment in that training induced him to sign the agreement. He now argues that MVA failed to satisfy this language[3] and therefore he is not liable to comply with the non-competition agreement regardless of its terms,

---

[3] Defendant argues that he received no unique training or skills from the employer, only the normal training that any employee would receive in any occupation. Plaintiff also failed to provide any evidence of defendant's training from which one could conclude that his training was in unique or specialized skills.

because non-competition agreements cannot prevent a former employee from exercising skill and general knowledge acquired or increased through experience or even instruction while in the employment. *Roy v. Bolduc*, 34 A.2d 479, 481 (Me. 1943). That the skills and training acquired may not have met defendant's standards of uniqueness or specialization is not dispositive. Defendant had contact with Bureau, and to some degree was benefited by the good will he developed with CVs while employed by plaintiff. *Chapman & Drake*, 545 A.2d at 647. That the skills and training defendant received is not dispositive does not mean that it is irrelevant to the overall question whether the agreement the plaintiff seeks to enforce is reasonable to protect his business interests.

Defendant argues that it is reasonable to uphold the non-competition agreement to the extent that it limits his contact with any customers he dealt with while employed by MVA, because "when the employee during his term of employment has had substantial contact with his employer's customers and is thereby in a position to take for his own benefit the good will his employer has paid him to develop the employer's business." *Id.* Plaintiff however would define customer in this citation to *Chapman & Drake* to include CVs in the Bureau.

Plaintiff relies heavily on *Chapman & Drake* to argue that the restriction on operation of EMPOWER is reasonable. However:

> Here, Chapman & Drake has not sought equitable relief imposing any restrictions on [defendant's] freedom to sell insurance, but instead has filed only a breach of contract action seeking common law damages. Further, the company has not requested damages for any 'prospective customers' or for those customers who left Chapman & Drake *before* [defendant's] departure.

Here, plaintiff's claim is for injunctive relief that would essentially preclude defendant from operating his business.

Plaintiff argues that as sought to be enforced the non-competition agreement would not prohibit the defendant seeking employment with a competitor, only from opening and operating a competing business. Plaintiff's argument is hard to rationalize. If customer includes only the clients referred from the Bureau to MVA, then imposition of an injunction prohibiting defendant from operating EMPOWER seems broader than necessary to effectuate its purpose. On the other hand, if customer refers to the Bureau, an injunction forcing defendant to cease operation of EMPOWER but not seeking employment with one of plaintiff's competitors would not be broad enough to effectuate the purpose of stopping interaction with the Bureau. The facts adduced at the hearing indicate that solicitation of referrals from the Bureau is an essential element to the success of an Employment Specialist. Defendant would not be a very attractive employee for one of plaintiff's competitors if he were not able to function in this job task.

When seeking a preliminary injunction:

> The moving party must demonstrate that (1) it will suffer irreparable Injury if the injunction is not granted; (2) such injury outweighs any harm which granting the injunctive relief would inflict on the other party; (3) it has a likelihood of success on the merits (at most, a probability; at least, a substantial possibility); and (4) the public interest will not be adversely affected by granting the injunction.

*Bangor Historic Track, Inc. v. Dep't of Agriculture*, 2003 ME 140, ¶ 9, 837 A.2d 129, 130.

The irreparable injury here claimed is some loss to the plaintiff's business if EMPOWER, who has 11 clients none of whom were previously referred by the Bureau to plaintiff, is allowed to continue operation. Should the injunction issue, defendant must cease operations of EMPOWER and would arguably be allowed to seek similar employment as an Employee Specialist with a competitor company. However, enforcing the injunction in such a manner would not comport with the purposes

outlined for the non-competition agreement itself. This would certainly create a hardship to the defendant which would likely be out of proportion to the harm suffered by the plaintiff from EMPOWERS' operations. The case law upholding the probability of plaintiff's success for damages on the merits is significant. However, enforcing an injunction of this scope is unreasonable. Broad application of non-competition agreements is decidedly against public policy. *Lord*, 454 A.2d at 834.

The entry is:

The Defendant's Motion for a preliminary injunction is DENIED.


Dated: September 27, 2007

Donald H. Marden
Justice, Superior Court

MA1NE VOCATIONAL ASSOCIATES INC - PLAINTIFF
P.O. BOX 5641
AUGUSTA ME 04332
Attorney for: MAINE VOCATIONAL ASSOCIATES INC
JED DAVIS  - RETAINED 02/15/2007
MITCHELL & DAVIS
86 WINTHROP STREET
AUGUSTA ME 04330


vs
ADAM WAY  - DEFENDANT
186 BEECH HILL ROAD,
ROCKPORT ME 04856
Attorney for: ADAM WAY
ROBERT J RUBIN  - RETAINED
RUBIN & STROUT, PA
480 WEST STREET
ROCKPORT ME 04856

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CV-2007-00045


**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 02/15/2007

## Docket Events:

02/15/2007 FILING DOCUMENT - COMPLAINT FILED ON 02/15/2007

02/15/2007 Party(s):  MAINE VOCATIONAL ASSOCIATES INC
          ATTORNEY - RETAINED ENTERED ON 02/15/2007
          Plaintiff's Attorney: JED DAVIS

02/15/2007 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 02/15/2007
          Plaintiff's Attorney:  JED DAVIS
          MAILED TO ATTY. OF RECORD.

02/15/2007 Party(s):  MAINE VOCATIONAL ASSOCIATES INC
          MOTION - TEMP RESTRAINING ORDER FILED WITH AFFIDAVIT ON 02/15/2007
          Plaintiff's Attorney:  JED DAVIS
          AFFIDAVIT OF JOHN JONES WITH ATTACHMENTS A-D, AFFIDAVIT OF JOHNNY MICHAEL JONES AND
          PROPOSED TEMPORARY RESTRAINING ORDER, WITH NOTICE.

02/16/2007 HEARING - TEMP RESTRAINING ORDER SCHEDULED FOR 03/13/2007 @ 8:30
          DONALD H MARDEN , JUSTICE

02/16/2007 HEARING - TEMP RESTRAINING ORDER NOTICE SENT ON 02/16/2007

02/22/2007 HEARING - MOTION PRELIMINARY INJUNCTION SCHEDULED FOR 03/13/2007 @ 9:00
          DONALD H MARDEN , JUSTICE

02/22/2007 HEARING - MOTION PRELIMINARY INJUNCTION NOTICE SENT ON 02/22/2007

02/22/2007 Party(s):  ADAM WAY
          OTHER FILING - ENTRY OF APPEARANCE FILED ON 02/22/2007
          Defendant's Attorney: ROBERT J RUBIN

02/22/2007 Party(s):  ADAM WAY

ATTORNEY - RETAINED ENTERED ON 02/22/2007
Defendant's Attorney: ROBERT J RUBIN

02/22/2007 Party(s): ADAM WAY
RESPONSIVE PLEADING - ANSWER FILED ON 02/22/2007
Defendant's Attorney: ROBERT J RUBIN

03/01/2007 Party(s): ADAM WAY
SUMMONS/SERVICE - ACCEPTANCE OF SERVICE SERVED ON 02/27/2007
Defendant's Attorney: ROBERT J RUBIN

03/01/2007 Party(s): ADAM WAY
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/01/2007
Defendant's Attorney: ROBERT J RUBIN
NOTICES OF DEPOSITION OF WITNESSES MEL GLEASON, ANNE WHEELER, WENDY WARREN, ADRA LOVELY,
JR., SERVED ON J. DAVIS, ESQ. ON 02/28/07.

03/06/2007 ORDER - SCHEDULING ORDER ENTERED ON 03/06/2007
DONALD H MARDEN , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT. COPIES TO
PARTIES/COUNSEL

03/06/2007 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 11/06/2007

03/06/2007 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 03/06/2007
DONALD H MARDEN , JUSTICE

03/06/2007 Party(s): ADAM WAY
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/06/2007
Defendant's Attorney: ROBERT J RUBIN
NOTICE OF DEPOSITION OF WITNESS WENDY WARREN, SERVED ON J. DAVIS ON 03/05/07.

03/09/2007 Party(s): ADAM WAY
OTHER FILING - OPPOSING MEMORANDUM FILED ON 03/09/2007
Defendant's Attorney: ROBERT J RUBIN
DEFFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, AFFIDAVIT IN
OPPOSITION TO MOTION, FILED.

03/12/2007 Party(s): MAINE VOCATIONAL ASSOCIATES INC
MOTION - MOTION TO CONTINUE FILED ON 03/12/2007
Plaintiff's Attorney: JED DAVIS

03/14/2007 HEARING - TEMP RESTRAINING ORDER CONTINUED ON 03/14/2007

03/14/2007 HEARING - MOTION PRELIMINARY INJUNCTION CONTINUED ON 03/14/2007

03/14/2007 HEARING - MOTION PRELIMINARY INJUNCTION SCHEDULED FOR 04/19/2007 @ 9:00
DONALD H MARDEN , JUSTICE

03/14/2007 HEARING - MOTION PRELIMINARY INJUNCTION NOTICE SENT ON 03/14/2007

03/15/2007 Party(s): MAINE VOCATIONAL ASSOCIATES INC
MOTION - MOTION TO CONTINUE GRANTED ON 03/14/2007

DONALD H MARDEN , JUSTICE
COPIES TO PARTIES/COUNSEL

03/19/2007 Party(s): MAINE VOCATIONAL ASSOCIATES INC
OTHER FILING - REPLY MEMORANDUM FILED ON 03/19/2007
Plaintiff's Attorney: JED DAVIS
TO DEFENDANT'S OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER.

03/23/2007 Party(s): ADAM WAY
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/23/2007
Defendant's Attorney: ROBERT J RUBIN
NOTICE OF DEPOSITION OF JOHN JONES, SERVED ON J. DAVIS, ESQ. ON 03/22/07.

03/23/2007 Party(s): MAINE VOCATIONAL ASSOCIATES INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/23/2007
Plaintiff's Attorney: JED DAVIS
NOTICE TO TAKE ORAL DEPOSITION OF THE DEFT, SERVED ON R. RUBIN, ESQ. ON 03/21/07.

04/20/2007 HEARING - MOTION PRELIMINARY INJUNCTION HELD ON 04/19/2007
DONALD H MARDEN , JUSTICE
Defendant's Attorney: ROBERT J RUBIN
Plaintiff's Attorney: JED DAVIS          Reporter: MELISSA THIBODEAU
PLAINTIFF'S WITNESSES: JULIAN BERARD, ALISON MAHEUX, ADAM WAY.  DEFENDANT'S WITNESSES:
MELVIN GLEASON, ANNE WHEELER, JOHN JONES.  CLOSING BRIEFS TO BE FILED WITHIN 20 DAYS,
RESPONSES WITHIN 10 DAYS.  UNDER ADVISEMENT.

04/20/2007 Party(s): ADAM WAY
MOTION - MOTION TO SEQUESTER WITNESSES MADE ORALLY ON 04/19/2007
Defendant's Attorney: ROBERT J RUBIN

04/20/2007 Party(s): ADAM WAY
MOTION - MOTION TO SEQUESTER WITNESSES GRANTED ON 04/19/2007

05/01/2007 OTHER FILING - TRANSCRIPT FILED ON 05/01/2007
04/19/07 JURY-WAIVED TRIAL

05/02/2007 Party(s): MAINE VOCATIONAL ASSOCIATES INC
ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 05/02/2007
Plaintiff's Attorney: JED DAVIS
MEDIATION SCHEDULED WITH MATTHEW DYER, ESQ.

05/09/2007 Party(s): MAINE VOCATIONAL ASSOCIATES INC
OTHER FILING - TRIAL BRIEF FILED ON 05/09/2007
Plaintiff's Attorney: JED DAVIS

05/10/2007 Party(s): ADAM WAY
OTHER FILING - REPLY MEMORANDUM FILED ON 05/10/2007
Defendant's Attorney: ROBERT J RUBIN
DEFENDANT'S MEMORANDUM AND ARGUMENT AFTER PRELIMINARY INJUNCTION HEARING.  (ATTACHED
EXHIBIT A)

05/21/2007 Party(s): MAINE VOCATIONAL ASSOCIATES INC
OTHER FILING - REPLY MEMORANDUM FILED ON 05/21/2007

Plaintiff's Attorney:  JED DAVIS
TO DEFENDANT'S POST-TRIAL BRIEF

05/22/2007 Party(s):  ADAM WAY
OTHER FILING - REPLY MEMORANDUM FILED ON 05/22/2007
Defendant's Attorney: ROBERT J RUBIN
DEFENDANT'S REPLY MEMORANDUM AND ARGUMENT AFTER PRELIMINARY INJUNCTION HEARING, FILED.

07/10/2007 Party(s):  MAINE VOCATIONAL ASSOCIATES INC
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 07/10/2007
Plaintiff's Attorney:  JED DAVIS
PLAINTIFF'S UNOPPOSED MOTION TO EXTEND THE DEADLINE TO COMPLETE ADR

09/27/2007 Party(s):  MAINE VOCATIONAL ASSOCIATES INC
MOTION - TEMP RESTRAINING ORDER DENIED ON 09/27/2007
DONALD H MARDEN , JUSTICE
COPIES TO PARTIES/COUNSEL

09/27/2007 ORDER - COURT ORDER ENTERED ON 09/27/2007
DONALD H MARDEN , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL

09/27/2007 ORDER - COURT ORDER COPY TO REPOSITORIES ON 09/27/2007

A TRUE COPY
ATTEST: _____
Clerk