MARINA W. CESAR *vs.* RICHARD R. SUNDELIN.

No. 11-P-351.

Barnstable. March 8, 2012. - May 4, 2012.

Present: GRAHAM, RUBIN, & MILKEY, JJ.

*Probate Court,* Divorce. *Divorce and Separation,* Division of property. *Good Will.*

In dividing a marital estate that includes a family business, a probate judge had the authority to enjoin the party that would no longer have any owner-ship in the business from operating a competing business, given that the good will of a business is part of the marital property subject to equitable distribution, and a probate judge may exercise his equitable authority as necessary to effect the distribution. [722-724]

COMPLAINT for divorce filed in the Barnstable Division of the Probate and Family Court Department on February 19, 2009.

The case was heard by *Robert A. Scandurra,* J., and a motion to amend judgment was considered by him.

*Russell J. Redgate* for the husband.

*Michael I. Flores* for the wife.

MILKEY, J. The question raised by this appeal is whether — in dividing a marital estate that includes a family business — a judge of the Probate and Family Court has the authority to enjoin the party that no longer will have any ownership in the business from operating a competing business. We hold that a probate judge does have such authority and therefore remand this matter for further proceedings.

*Background.* In the context of a divorce proceeding, the husband and the wife both sought sole ownership of a family business, a feed and grain store. The probate judge awarded the business to the husband. With the business and certain other property distributed to the husband, the judge declined to give the husband credit for a gift of equity worth approximately

$200,000 that the husband's parents had given the couple.[1] In an effort to shore up the value of the existing good will in the business,[2] the husband requested that the judge order the wife, a veterinarian, not to operate a competing business. The judge denied the request on the sole ground that he lacked authority to grant such relief.[3]

*Discussion.* We begin by noting that the Legislature has given probate judges broad authority with respect to the division of marital property. See G. L. c. 208, § 34. See also *Kittredge* v. *Kittredge*, 441 Mass. 28, 43-44 (2004), and cases cited. Although we have located no Massachusetts case that holds that a probate judge has specific authority to impose noncompete orders, courts in other jurisdictions that have examined similarly broad grants of authority have so held. See, e.g., *Lord* v. *Lord*, 454 A.2d 830, 834 (Me. 1983) (upholding authority of trial judge to impose noncompete covenant where necessary for fair and just division of marital property).[4] As the Supreme Judicial Court of Maine reasoned, "Without such an agreement, the substantial value of the intangible good will would be lost or the parties would be

[1]The husband's parents sold the couple a home for approximately $200,000 under market value. The judge indicated that he would have given the husband credit for "most if not all" of this "gift" of equity had he not awarded the husband sole ownership of the family business and other property. He found that "[t]he approximate $200,000 gift of equity by the Husband's parents is more or less offset by the feed and grain store being retained [by] the husband, and also because the Judgment has given the Husband the sole right, title, and interest to" two other properties that the judge found had "some equity, though minimal."

[2]The judge did not make any specific findings about the value of such good will, but the husband persuasively argues here that it must have been substantial given that the tangible assets of the business were only slightly greater than its liabilities, yet the judge gave the wife substantial credit for the distribution of the business to the husband.

[3]Specifically, the judge stated in his decision, "[C]ertainly the Court has no authority to do that, and hence will not."

[4]At least one case, which relied on a particular legislative pronouncement disfavoring covenants not to compete, rejected an argument that trial judges in divorce proceedings had authority to impose such restrictions. See *Favell* v. *Favell*, 957 P.2d 556, 561 (Okla. Civ. App. Div. 3 1997) (covenant not to compete order held contrary to law and public policy; remanded for new valuation of corporations). The cases that touch on the issue are collected in Annot., Divorce: Order Requiring That Party Not Compete With Former Marital Business, 59 A.L.R.4th 1075 (1988).

left to compete in recapturing this portion of their marital property." *Ibid.*[5]

As our Supreme Judicial Court held more than one century ago, "[G]ood will is property, and is a valuable asset in [an individual's] business." *George G. Fox Co.* v. *Glynn*, 191 Mass. 344, 348 (1906). As such, the good will of a business is part of the marital property subject to equitable distribution, and a probate judge may exercise his equitable authority as necessary to effect the distribution. See *Santagate* v. *Tower*, 64 Mass. App. Ct. 324, 328 (2005), quoting from *Matter of Moe*, 385 Mass. 555, 561 (1982) (in context of concluding that probate judges had authority to order restitution and retroactive child support even in absence of specific express statutory authority, we commented that "[t]he equity powers of a probate judge are 'broad and flexible, and extend to actions necessary to afford any relief in the best interests of a person under their jurisdiction' "). See generally G. L. c. 215, § 6. Of course, the terms of any such order must be "reasonable and no broader than necessary to protect the good will included in the valuation and transfer." *Lord* v. *Lord, supra.* Cf. *Wells* v. *Wells*, 9 Mass. App. Ct. 321, 324-325 (1980).

So much of the amended judgment as held that the probate judge had no authority to consider whether to order the wife not to compete with the family business is vacated, and the case is remanded for consideration of whether a noncompete order is appropriate in this case.[6] We stress the limited nature of our ruling. We state no position as to whether the husband is entitled

---

[5]The wife argues that *Lord* v. *Lord* "has lost its persuasive value" because the Maine statute at issue there was repealed in 1995. However, the repealed statute was replaced by another statute containing an identical definition of "marital property," the term considered in *Lord* v. *Lord.* See Me. Rev. Stat. Ann. tit. 19-A, § 953(2) (2012).

[6]At oral argument, the wife's counsel distanced himself somewhat from the argument in the brief that the judge lacked authority to impose a covenant not to compete. In its place, counsel argued that when the judge stated that he lacked authority, the judge really meant that he lacked authority under the specific circumstances presented, either because the husband raised the issue too late or because he failed to elicit evidence supporting such an order. However, the judge did not state that the husband's request was "waived" or "unwarranted"; he relied solely on his perceived lack of authority. We take the judge at his word.

to a noncompete order and, if so, how broad such an order should be.[7] Similarly, we leave it to the probate judge to assess the wife's argument that the husband waived the noncompete issue by raising it too late in the proceedings, or by failing to elicit relevant evidence at trial. Finally, we take no position on how the husband's request for a noncompete order may have been affected by subsequent developments (including the facts found by the judge in the modification judgment dated September 13, 2011), a question that may be addressed on remand.[8]

*So ordered.*

---

[7]If the judge rules that a noncompete order is appropriate, that order should comport with Massachusetts law. See, e.g., *Tobin* v. *Cody*, 343 Mass. 716, 723-724 (1962); *Abrams* v. *Liss*, 53 Mass. App. Ct. 751, 753-756 (2002); *Targus Group Intl., Inc.* v. *Sherman*, 76 Mass. App. Ct. 421, 431-434 (2010).

[8]The husband has asked us to accept a supplemental appendix that includes the modification judgment dated September 13, 2011, which is not on appeal. In that judgment, the judge relieved the husband of his child support obligations because the wife had opened a feed and grain store in the exact location where the husband's store had been (and where her veterinary practice apparently also is located) after the husband's business was evicted by the building's landlord. After reviewing the evidence and concluding that the wife's testimony was not credible as to her ownership and interest in the new store, the judge found that "the facts suggest that the [wife], with the help of her parents, intended to open a competing business from the outset and that is what prompted the landlord to commence eviction proceedings." The husband's bringing this development to our attention is consistent with his obligation to update this court of further developments in the litigation that relate to issues on appeal. See *Braun* v. *Braun*, 68 Mass. App. Ct. 846, 853-854 (2007). We have not considered the modification judgment with regard to the merits of the husband's appeal.

We decline the wife's request for appellate attorney's fees.