JOSEPH A. ROY *vs*. EUGENE BOLDUC.

Kennebec.    Opinion, October 20, 1943.

*James L. Boyle,*

*Edward M. Sweeney,* for the plaintiff.

*F. Harold Dubord,*

*Jerome G. Daviau,* for the defendant.

SITTING: STURGIS, C. J., THAXTER, MANSER, MURCHIE, CHAPMAN, JJ.

·STURGIS, C. J.   This is a proceeding in equity to restrain a former salesman from competing with the real estate agent by whom he had been employed. Answer having been made and replication filed, on hearing, a decree dismissing the bill with costs was signed and entered. The case comes forward on appeal.

The printed case shows that the plaintiff Joseph A. Roy had for several years been a real estate agent in Waterville, Maine, and has established a substantial and lucrative business. The methods he has used in attaining this success, however, have been neither original nor unique. He is a heavy advertiser but his copy follows forms well known in the business and the mediums he uses are not unusual. His office methods and systems are as common-place. He operates in a field where there are numerous competing real estate agencies and nearly all of his customers are transient and few, if any, are repeaters.

On December 22, 1939, Joseph A. Roy employed Eugene Bolduc as a real estate salesman agreeing in the written contract the parties executed to pay him fifty per cent of all commissions, fees and charges accruing from sales which he directly made or negotiated, with the right to sell any property listed or being handled through the Waterville office of the employer. The contract was subject to termination on fifteen days' written notice by either party and contained the following provision:

"The party of the second part further agrees that upon the termination of this agreement, he shall not act as a real estate agent, broker, salesman, or conduct any business pertaining to, or incidental to the real estate brokerage business for a period of five (5) years from the date of the termination of this agreement in the following towns and cities and their immediate vicinities: Waterville, Fairfield, Skowhegan, Augusta, Pittsfield, Burnham, Benton, Winslow, Hinckley, and Oakland."

While the employer regularly maintained an office in Waterville and for a time did at Augusta and Skowhegan it is not made to appear that he obtained any business of account from other towns and cities and their immediate vicinities included in this agreement. And it was in Waterville only that the salesman could operate.

For six months the parties acted under their contract and the arrangement proved generally satisfactory. The salesman had the use of a desk in common with other employees in the office in Waterville, had access to files and lists of property being handled there, and earned some commissions. While he was assisted in some instances in closing sales and experience undoubtedly increased his knowledge of the real estate business it does not appear that he received any advice or instructions from his employer beyond those which might be given by any real estate agent exercising reasonable supervision over his salesmen or that he received confidential information or learned trade secrets which he could use to the disadvantage of his employer.

On June 12, 1940, a controversy arose as to whether the salesman was entitled to share in the commission on the sale of land and buildings in Waterville and, not receiving it, he refused to work until it was paid and threatened suit against his employer. Ten days later he was discharged and notice given to the licensing authorities of the termination of his employment. He then opened a real estate office in Waterville on his own account and is still carrying on that business. However, he has not used his employer's lists of customers, solicited their patronage, or acted for them, but, following methods in general use among many if not all real estate agents, is building up a business of his own and, if successful, it will be because of his own efforts, industry and perhaps personality. As one more competitor among several he is, of course, using the knowledge and experience he gained while employed.

An agreement by an employee as a part of his contract of

employment that he will not engage in competition with his employer after the termination of the employment may be enforced in equity if it is reasonable under the circumstances. To fall within this rule, however, the agreement must impose no undue hardship upon the employee and be no wider in its scope than is reasonably necessary for the protection of the business of the employer. Among the many authorities supporting this rule are: *Samuel Stores, Inc.* v. *Abrams,* 94 Conn., 248, 108 A., 541, 9 A. L. R., 1450; *May* v. *Young,* 125 Conn., 1, 2 A. (2d), 385, 119 A. L. R., 1445; *Briggs* v. *Mason,* 217 Ky., 269, 289 S. W., 295, 52 A. L. R., 1344; *Sherman* v. *Pfefferkon,* 241 Mass., 468, 135 N. E., 568; *Club Aluminum Co.* v. *Young,* 263 Mass., 223, 160 N. E., 804; *Walker Coal & Ice Co.* v. *Westerman,* 263 Mass., 235, 160 N. E., 801; *Gordon Supply Co.* v. *Galuska,* 113 N. J. Eq., 353, 166 A., 700; *Automobile Club of Southern N. J.* v. *Zubrin,* 127 N. J. Eq., 202, 12 A. (2d), 369; *Clark Paper & Mfg. Co.* v. *Stenacher,* 236 N. Y., 312, 140 N. E., 708, 29 A. L. R., 1325; *Unity Coat & Apron Co.* v. *Battist,* 264 N. Y. S., 801; *Milwaukee Linen Supply Co.* v. *Ring,* 210 Wis., 467, 246 N. W., 567; 36 *Am. Jur.,* 555; 17 C. J. S., 636; *Restatement of Contracts,* Vol. II, Sec. 516.

It is accordingly held that while an employer, under a proper restrictive agreement, can prevent a former employee from using his trade or business secrets, and other confidential knowledge gained in the course of the employment, and from enticing away old customers, he has no right to unnecessarily interfere with the employee's following any trade or calling for which he is fitted and from which he may earn his livelihood and he cannot preclude him from exercising the skill and general knowledge he has acquired or increased through experience or even instructions while in the employment. Public policy prohibits such undue restrictions upon an employee's liberty of action in his trade or calling. *Samuel Stores, Inc.* v. *Abrams,* supra; *Club Aluminum Co.* v. *Young,* supra; *Automobile Club of Southern N. J.* v. *Zubrin,* supra; *Clark Paper*

& *Mfg. Co.* v. *Stenacher,* supra; *Nordenfeldt* v. *Maxim Nordenfeldt Guns & Ammunition Co., Ltd.* (1894) A. C. 535; *Herbert Morris, Ltd.* v. *Saxelby* (1916) 1 A. C., 688; *Restatement of Contracts,* Vol. II, Section 516f.

On this record the complaining employer fails to sustain his allegations that a reasonable protection of his real estate business requires the enforcement of the restrictive agreement he obtained from his salesman. He had no trade secrets and imparted no confidential information which have or can be used to his disadvantage and there has been no interference with the customers on his lists. To restrain his employee from acting as a real estate agent on his own account, for the time and in the extensive territory included in his agreement, would unnecessarily interfere with the rightful exercise of his skill and knowledge in gaining a livelihood in what is now his calling or trade. Tested by the rules which have been stated the restriction upon the employee's liberty of action, which is written into the contract of employment in this case, is against public policy and equity will not enforce it.

*Appeal dismissed.*
*Decree below affirmed.*