Rockingham,
No. 4603.

DUNFEY REALTY CO., INC. *v.* GEORGE J. ENWRIGHT.

Argued October 1, 1957.

Decided December 18, 1957.

196

*William W. Treat, Warren A. Seavey* and *Richard P. Dunfey* (*Mr. Seavey* orally), for the plaintiff.

*Perkins & Holland* and *Robert B. Donovan* (*Mr. Donovan* orally), for the defendant.

WHEELER, J. It is the defendant's contention that the restrictive covenant not to compete protects no legitimate business interests of the plaintiff and imposes undue hardship upon him and was executed without consideration.

The Trial Court found among other things that the parties entered into an employment contract freely and with full understanding of the terms thereof and for adequate and sufficient consideration, but refused to find that the limitations as to time and area were reasonable. In response to a request filed by the plaintiff, he found that such a contract would be enforced "as to any part of that district that is reasonably necessary for the protection of the good will of business of the employer there established," but found that it would be inequitable under all the circumstances to continue the injunction.

Our court on a number of occasions has observed that the law does not look with favor upon contracts in restraint of trade or competition (*Eastern Express Co.* v. *Meserve*, 60 N. H. 198) and that they are not to be extended by construction beyond the fair import of the language contained therein. *Bowers* v. *Whittle*, 63 N. H. 147; *Saddlery Co.* v. *Mills*, 68 N. H. 216. However, if the "limitations on defendant's freedom of action" are reasonable, they will not be held void, but competition will be restrained if it is

reasonable to do so. *Spaulding* v. *Mayo,* 81 N. H. 85, ·86. Such contracts not only inure to the benefit of the employer but to the employee as well, in that the latter may, by giving a restrictive covenant, be able to place himself in a more advantageous position economically. Under a reasonable contract the employer is entitled to be protected against an employee using trade secrets and personal influence with customers which he has gained in such employment. See 76 U. Pa. L. Rev. 244.

Numerous authorities in other jurisdictions have been cited by able counsel in their briefs to sustain their positions here. A detailed analysis of these authorities is not deemed necessary, since they all "boil down" to the general proposition that "the conclusion reached . . . is that the validity of the agreement depends upon the reasonableness of the restraint as applied to the particular circumstances of each case." *Bancroft* v. *Company,* 72 N. H. 402, 406; *New England Tree Expert Co.* v. *Russell,* 306 Mass. 504; *Roy* v. *Bolduc,* 140 Me. 103. See anno. 41 A. L. R. (2d) 15; 43 A. L. R. (2d) 94.

The Court found that the plaintiff failed to establish the presence of any trade or business secrets or that the defendant had any confidential knowledge which he could or did use to the detriment of plaintiff. The evidence did not compel a contrary finding.

The plaintiff in its brief agrees that Enwright "did not use or disclose trade secrets" but argues that he acquired certain confidential information about plaintiff's methods and procedures. These methods and procedures in general consisted of pre-appraisals prior to financing through a federal agency; acquiring a familiarity with certain F. H. A. and V. A. forms and general access to customers' listings and other methods of financing.

There are some twenty real estate agents in the Hampton area, and many of them are using these methods. The Dunfey methods were not unknown to Fred Shaake, who had access to the office files and forms before he purchased the Dunfey interests in Rockingham Investment Company. This company shared office space with the plaintiff and the files of both were kept in the same drawer.

The plaintiff must show more than that its methods and procedures were not known to the general public. It must establish that such secrets were exclusively its own and not general secrets of the trade. *Arthur Murray Dance Studios* v. *Witter,* (Ohio)

105 N. E. (2d) 685. Moreover, the plaintiff's undertaking was that he would not "divulge" confidential information, and there was no evidence that he did.

The Trial Court found that defendant did not actively engage in soliciting customers of the plaintiff, and the plaintiff does not dispute the fact that he did not go out specifically to deal with former customers. The most that can be said of his activities is that when he heard of a prospective sale or saw a sign on a building, whether bearing the plaintiff's or some other agent's name, he would solicit a listing, using similar methods employed by the plaintiff and standard in the business. An employer "has no right to unnecessarily interfere with the employee's following any trade or calling for which he is fitted and from which he may earn his livelihood and he cannot preclude him from exercising the skill and general knowledge he has acquired or increased through experience or even instructions while in the employment." *Roy* v. *Bolduc, supra,* 107.

It is contended that the Trial Court erred in ruling that confidential information acquired by the defendant before the execution of the employment contract could not properly be considered by the Court in reaching its decision. The Court received all of the evidence which the plaintiff offered concerning information available to the defendant before the contract was executed. We have previously sustained the finding that the plaintiff "failed to establish that the petitionee had any confidential knowledge which he could or did use to the detriment of the petitioner." The evidence concerning information made available before the contract was executed would not support a different finding. There was no showing that any information then acquired was used by the defendant to the plaintiff's detriment, or that any of it was in the nature of a trade secret peculiarly the plaintiff's. If the Court erred in refusing to consider the evidence, the error was therefore harmless.

The Court found that the contract limitations as to time and area were not reasonable. While the period of time and extent of territory in such agreement is not decisive on the issue of reasonableness, they are important factors in such determination. Restatement, Contracts, *s. 515, comment* c. The Trial Court ruled that the contract was divisible and enforceable "as to any part of that district . . . reasonably necessary for the protection of the good will of . . . the employer." See *New England Tree Expert Co.*

v. *Russell, supra;* V Williston, Contracts, (Rev. *ed.*) *s.* 1660. He found that the plaintiff had "a negligible amount of business in Durham, Dover and Exeter." His finding that it would be "inequitable under all the circumstances to continue the injunction" (*Manchester Dairy System* v. *Hayward,* 82 N. H. 193, 206, 207) was a finding that there was no occasion for injunctive relief as to any part of the district. 6 Corbin, Contracts, *s.* 1394. These findings cannot be held to have been erroneous as a matter of law.

The other exceptions have been considered, and it is our conclusion that the record supports the findings and rulings made.

*Exceptions overruled.*

All concurred.

ON MOTION FOR REHEARING. After the foregoing opinion was filed the plaintiff moved for rehearing upon the ground "that a decided ambiguity exists as to whether or not a contract to restrain an employee from competing with his employer can be enforced" and requested "a clarification of the Court's opinion with particular reference to the clause 'not to compete,' as spelled out in this contract . . . . "

*Richard P. Dunfey* for the motion.

WHEELER, J. The plaintiff's argument suggests we have attached no significance to a covenant in restraint of competition where there are no trade secrets involved. The opinion cites with approval *Spaulding* v. *Mayo,* 81 N. H. 85, which is authority for the proposition that such a covenant will be enforced if it is reasonable to do so. In this case, however, the Trial Court was warranted in finding that the contract limitations as to time and area were not reasonable and that it would be "inequitable under all the circumstances to continue the injunction."

*Motion denied.*

February 4, 1958.