Merrimack,
No. 6350.

LAWRENCE V. COLLINS

*v.*

F. A. BARTLETT TREE EXPERT COMPANY.

May 31, 1972.

*Devine, Millimet, McDonough, Stahl & Branch* and *Stephen J. Spielman (Mr. Spielman* orally) for the plaintiff.

*Stebbins & Bradley* and *Blair C. Wood (Mr. Wood* orally) for the defendant.

PER CURIAM. By petition for declaratory judgment the plaintiff seeks to determine whether he is prohibited from engaging in the same or similar line of business in a designated area as the defendant by reason of the provisions of an employment contract with the defendant. After hearing, the Court, *Loughlin,* J., terminated the contract effective February 1, 1971, and transferred defendant's exceptions.

The plaintiff first began to work for the defendant in Massachusetts sometime in 1957 and continued to work for it off and on while attending the University of Massachusetts. In March 1961 he became a sales representative in the Boston area and on April 17, 1961, he entered into a written agreement with the defendant which included the following language:

"The employee agrees not to engage for a period
of two years from the termination of his employ-

ment, either by himself or by the employer, for any reason whatsoever, in the same or similar line of business as that carried on by the employer, or work for any individual, firm or corporation engaged in such line or similar line of business within any county or counties in any state or states, which may at any time be assigned to the employee by the employer and which will be specifically set forth in Schedule B, annexed hereto, during the existence of this contract."

Schedule B included four Massachusetts counties.

Plaintiff testified that sometime in late June or early July 1961 he was told on a Friday night to report to Milford, New Hampshire the next Monday morning. He testified that after he had worked out of Milford for about a year, moved his family to New Hampshire and purchased a home in Amherst, the contract was amended to add the New Hampshire counties of "Hillsboro, Rockingham, Merrimack, Cheshire, Sullivan" to schedule B.

The evidence supports a finding that plaintiff received no training from the defendant but attended school on his own to learn about the tree service business and business training, and that he received no trade or business secrets as a result of his employment with the defendant. The trial court found he had no customer list and would not directly or indirectly solicit customers of the defendant. He left the defendant's employ in April 1970. The trial court also found that the plaintiff did not sign the amended contract freely. Under all the circumstances the trial court was justified in terminating the contract as of February 1, 1971. *See Dunfey Realty Co.* v. *Enwright,* 101 N.H. 195, 138 A.2d 80 (1957).

*Exceptions overruled.*

KENISON, C.J., took no part in the decision.