STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-16-318

CHRISTOPHER WENGER,

    Plaintiff

v.

JOSHUA GOULETTE,

    Defendant

ORDER ON REQUEST FOR
PRELIMINARY INJUNCTION

Before the court is plaintiff Christopher Wenger's motion for preliminary injunction. Defendant Joshua Goulette was served on August 4, 2016 with the summons and complaint and the motion for preliminary injunction. He has not filed an answer to the complaint or response to the motion.

In his complaint, plaintiff seeks injunctive relief and attorney's fees. (Pl.'s Compl. 3.) Injunctive relief is not an independent cause of action. See America v. Yamartino, No. BCD-CV-11-41, 2012 Me. Super. LEXIS 19, at *33 (Mar. 19, 2012). It is a remedy that may be awarded if plaintiff succeeds on the merits of his cause of action. Id. Because no cause of action has been pleaded, no remedy can be awarded. Further, plaintiff cannot show a likelihood of success on the merits of a cause of action that has not been pleaded. See Ingraham v. Univ. of Me., 441 A.2d 691, 693 (Me. 1982).

The entry is

    Plaintiff's Motion for Preliminary Injunction is DENIED.

Date: September 13, 2016

Nancy Mills
Justice, Superior Court

STATE OF MAINE
Cumberland. ss. Clerk's Office

SEP 13 2016

RECEIVED

STATE OF MAINE . 　　　　　　　　　SUPERIOR COURT
CUMBERLAND, ss 　　　　　　　　　CIVIL ACTION
　　　　　　　　　　　　　　　　　　Docket No. CV-16-318

CHRISTOPHER WENGER,

　　　　Plaintiff

v. 　　　　　　　　　　　　　　　ORDER ON PLAINTIFF'S MOTION
　　　　　　　　　　　　　　　　　FOR PRELIMINARY INJUNCTION

JOSHUA GOULETTE,

　　　　Defendant

Before the court is plaintiff's motion for a preliminary injunction. Plaintiff seeks to enjoin defendant from allegedly violating the parties' non-compete agreement. For the following reasons, the motion is denied.

FACTS

According to the parties' affidavits, on August 7, 2015, the parties entered into an agreement under which defendant agreed to perform painting and construction work for plaintiff. (Pl.'s Am. Aff. ¶ 3; Def.'s Aff. ¶ 9.) Section 8 of the agreement provided that defendant would not perform work for any of plaintiff's customers, other than for the benefit of plaintiff, during the term of the agreement and for ten years after the agreement. (Pl.'s Am. Aff. ¶ 4.)

Defendant worked for plaintiff for another one or two months after signing the agreement. (Pl.'s Third Aff. ¶ 8; Def.'s Aff. ¶ 11.) After defendant stopped working for plaintiff, defendant worked on his own for Port Properties, one of plaintiff's customers. (Pl.'s Am. Aff. ¶ 21; Def.'s Aff. ¶ 13.) Plaintiff alleges that, as a result of defendant's employment with Port Properties, plaintiff has lost thousands of dollars per month and his goodwill has been damaged. (Pl.'s Am. Aff. ¶¶ 9-10, 19.)

1

On August 16, 2016, plaintiff filed a complaint seeking injunctive relief. On September 13, 2016, the court denied plaintiff's request for injunctive relief on the ground that he had not pleaded a cause of action. Plaintiff then filed an amended complaint on September 19, 2016. In the amended complaint, plaintiff alleged: count I, breach of contract (damages); count II, breach of contract (specific performance); and count III, breach of contract (injunctive relief).

Plaintiff filed an amended motion for a preliminary injunction on September 19, 2016. Defendant filed his opposition to the motion on October 12, 2016. Plaintiff filed a reply on October 20, 2016.

DISCUSSION

1. Standard of Review

A party seeking a preliminary injunction must show that: (1) it will suffer irreparable injury if the injunction is not granted; (2) the injury outweighs any harm that granting the injunction would inflict on the other party; (3) it has a likelihood of success on the merits; and (4) the public interest will not be adversely affected by granting the injunction. Ingraham v. Univ. of Me., 441 A.2d 691, 693 (Me. 1982). "Failure to demonstrate that any one of these criteria are met requires that injunctive relief be denied." Bangor Historic Track, Inc. v. Dep't of Agric., Food & Rural Res., 2003 ME 140, ¶ 10, 837 A.2d 129.

2. Motion for Preliminary Injunction

A. Irreparable Harm

Plaintiff has not shown he will suffer irreparable harm. He states in conclusionary terms only that he has lost good will. (Pl.'s Am. Aff. ¶¶ 10, 19.) Speculative claims of loss of good will do not constitute irreparable injury. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop, 839 F. Supp. 68, 75 (D. Me. 1993). The fact that the parties' agreement provides that defendant

2

acknowledged that plaintiff would be irreparably harmed if the agreement were violated is not dispositive. (Pl.'s Am. Aff. ¶ 17); see Saga Commc'ns of New England, Inc. v. Crocker, 1995 Me. Super. LEXIS 403, at *3-7 (Nov. 9, 1995); Butterfield v. Dep't of Human Servs., 1991 Me. Super. LEXIS 23, at *4 (Jan. 17, 1991) (evidence in the record to support agreement that plaintiff class would suffer irreparable harm). Plaintiff must show that he will in fact suffer an irreparable harm, which he has failed to do. See Ingraham, 441 A.2d at 693 (plaintiff bears burden of proving criteria for injunctive relief).

### B. Likelihood of Success

On this record, plaintiff has not shown a likelihood of success on the merits. A contract that is against public policy is void and unenforceable. Lehigh v. Pittston Co., 456 A.2d 355, 361 (Me. 1983). The Law Court has "long recognized that non-competition agreements are contrary to public policy and will be enforced only to the extent that they are reasonable and sweep no wider than necessary to protect the business interests in issue." Lord v. Lord, 454 A.2d 830, 834 (Me. 1983).

The parties' agreement appears excessive. (Agreement ¶ 8.) The parties' agreement provides for a ten year term. (Agreement ¶ 8.) Plaintiff now purports to limit the duration of the agreement to five years instead of ten. (Pl.'s Mem. 2; Pl.'s Am. Aff. ¶ 16.) There is no evidence on this record that shows either term is "reasonably related to protecting recognized legitimate business interests" of plaintiff. Chapman & Drake v. Harrington, 545 A.2d 645, 648 (Me. 1988); see Everett J. Prescott, Inc. v. Ross, 383 F. Supp. 2d 180, 190-91 (D. Me. 2005).

Plaintiff does not deny defendant's allegation that he signed the agreement after employment had commenced and was told he would lose his job if he did not sign. (Def.'s Aff. ¶¶ 9-10; Pl.'s Third Aff. ¶ 7.) Defendant worked with plaintiff for fewer than two months after

3

signing the agreement. (Pl.'s Third Aff. ¶ 8; Def.'s Aff. ¶ 11.) Although continued employment can be consideration for a non-competition covenant, see Prescott, 383 F. Supp. 2d at 191, fewer than two months employment as consideration for five or ten years of non-competition is not reasonable.

Finally, the stipulated damages are $5,000.00 per week. The parties generally earned less than $1,000.00 per week. (Agreement ¶ 8; Def.'s Mem. 3.)

Further, "a former employee may not, absent unusual circumstances, be prevented from entering into the practice of a business that requires no specialized training and does not rely on unique business methods or trade secrets acquired while serving the former employer." Lord, 454 A.2d at 834 (citing Roy v. Bolduc, 140 Me. 103, 107, 34 A.2d 479, 481 (1943)). There is no allegation on this record that defendant acquired unique business methods or trade secrets while working for plaintiff.

CONCLUSION

An injunction is "an extraordinary remedy only to be granted with utmost caution when justice urgently demands it." Bar Harbor Banking & Trust Co. v. Alexander, 411 A.2d 74, 79 (Me. 1980) (citation omitted). A party who seeks the equitable remedy of an injunction must do equity. See Peaslee v. Pedco, Inc., 414 A.2d 1206, 1208 (Me. 1980). Plaintiff has not demonstrated irreparable harm or a likelihood of success on the merits. The court does not consider the remaining two requirements. See Ingraham, 441 A.2d at 693 (party seeking injunctive relief must prove each of the four criteria).

The entry is

Plaintiff's Motion for a Preliminary Injunction is DENIED.

Date: November 10, 2016

Nancy Mills, Justice, Superior Court

4