STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-21-141

ED HAMILTON INC.,

     Plaintiff

v.

                               ORDER

SUSANNE RUBSAMEN,

     Defendant

Before the court is a motion for a temporary restraining order and a preliminary injunction filed by plaintiff Ed Hamilton Inc. (EHI) seeking an order directing defendant Susanne Rubsamen to immediately cease working for Charter Experts LLC d/b/a Virgin Island Sailing (VI Sailing) because, EHI alleges, Rubsamen's employment with VI Sailing violates the terms of a non-competition agreement with EHI.

Legal Standard

In ruling on a motion for a preliminary injunction, the court must consider four factors: (1) whether the plaintiff will suffer irreparable injury in the absence of a preliminary injunction; (2) whether that injury outweighs any harm which granting injunctive relief would inflict on the defendant, (3) whether plaintiffs have demonstrated a likelihood of success on the merits (at most, a probability; at least, a substantial possibility); and (4) whether the public interest would be adversely affected by granting the injunction. *Bangor Historic Track Inc. v. Department of*

*Agriculture*, 2003 ME 140 ¶ 9, 837 A.2d 129; *Ingraham v. University of Maine*, 441 A.2d 691, 693 (Me. 1982).

With respect to the enforcement of non-solicitation, confidentiality, and noncompetition agreements, employers are entitled to protect the good will that exists by virtue of their ongoing relationship with customers and are entitled to protect business information that is confidential and that is not publicly available. However, the reasonableness of such restrictive covenants is a question of law. "Proper restrictive covenants cannot preclude [a former employee] from following any trade or calling for which he is fitted and from which he may earn his livelihood or from exercising the skill and general knowledge he has acquired or increased through experience or even instructions while in employment." *Bernier v. Merrill Air Engineers*, 2001 ME 17 ¶ 17, 770 A.2d 97, quoting *Roy v. Bolduc*, 140 Me. 103, 107, 34 A.2d 479, 481. "To be enforceable, the agreement must impose no undue hardship upon the employee and be no wider in its scope than is reasonably necessary for the protection of the business of the employer." *Id. Accord, Sisters of Charity Health System Inc. v. Farrago*, 2011 ME 62 ¶ 10, 21 A.3d 110.


Facts

For purposes of the pending motion the relevant facts derived from the submissions of the parties are the following:

Rubsamen[1] accepted a job with EHI, a booking agency for yacht charters, on March 5, 2018 as a yacht charter agent/broker. She had previous experience in the yacht charter business. On the date she was hired Rubsamen signed a non-competition, non-solicitation, and non-

---

[1] The supplemental McCrea affidavit attaches emails and employment records relating to "Susan Jervis." From the context, and in the absence of any contradiction from defendant, the court assumes that Susan Jervis and Susanne Rubsamen are the same person

2

disclosure agreement that is annexed as Exhibit 1 to the April 13, 2021 affidavit of Stephen McCrea, president of EHI.

That agreement provides, inter alia, that during Rubsamen's employment and for a period of 12 months following her separation from employment, she shall not engage in any employment in any business in which EHI is engaged and which is competitive with EHI. It provides that during the 12 months following separation from employment Rubsamen shall not solicit or divert any EHI customer with whom she had any contact within 12 months of her separation from EHI's employ. In addition, it provides that Rubsamen shall not disclose EHI trade secrets or confidential business information at any time following separation from employment.

The yacht charter business was significantly affected by the pandemic beginning in early 2020. In response, EHI first reduced staff hours and pay. April 13, 2021 McCrae Affidavit ¶ 19. According to Rubsamen, she was cut from a salary of $60,000 to a salary of $35,000 plus commissions in June 2020. There is some dispute on this issue,[2] but it is evident that this change sharply curtailed Rubsamen's income.

It is undisputed that McCrae laid Rubsamen off on August 24, 2020. In his affidavit McCrae describes this as a temporary layoff. However, although McCrae told Rubsamen that he would consider rehiring her once the travel industry returned to normal, McCrae made no promises or undertakings to that effect. He also asked her to return her company laptop and telephone, which she did. McCrae did not contact Rubsamen again after she was laid off.

---

[2] EHI submitted a second May 27, 2021 McCrae affidavit attaching emails and asserting that it had always been contemplated that Rubsamen would at some point be moved from her existing salary to compensation based on salary plus commissions. However, given that yacht charters had fallen off during the pandemic– which would significantly reduce the potential for commission income – the result was to reduce Rubsamen's compensation, consistent with the statement in the April 13, 2021 McCrae affidavit that in response to the pandemic EHI had first reduced staff pay.

Rubsamen was therefore effectively terminated. At that point she was receiving only $ 275 a week in unemployment compensation from the State of Florida. To make ends meet, she and her husband incurred credit card debt and borrowed from her husband's 401k account, depleting retirement savings.

Rubsamen began attempting to find new employment in the travel industry and was unsuccessful until January 2021 when she accepted a job with VI Sailing as a charter booking agent, a job similar to her work for EHI and similar to work she had done for other employers prior to her job with EHI. In her affidavit she states that she took the VI Sailing job because she could not continue to support herself on $275 a week in unemployment benefits.

Rubsamen's employment with VI Sailing is the first ground on which EHI alleges a breach of her noncompetition agreement. EHI also alleges that at VI Sailing she solicited one of EHI's customers based on an email from that customer that appeared in Rubsamen's EHI email account in February 2021. Rubsamen denies solicitation of any EHI customers, stating that the customer referred to by EHI had instead contacted her and had been a customer for whom she had booked 11 charters before she ever went to work for EHI.

EHI also contends that Rubsamen disclosed confidential EHI marketing strategy because in January 2021, after the date when Rubsamen began employment with VI Sailing, it had received a complaint from VI Sailing that EHI was using the term "Virgin Island Sailing" in a way that infringed VI Sailing's trademark. EHI infers that Rubsamen had disclosed to her new employer that EHI was using that term in its advertising. For her part, Rubsamen states that she had not known EHI was using the term "Virgin Island Sailing" in its advertising, has not disclosed any EHI marketing strategy to VI Sailing, and first learned about EHI used the term "Virgin island Sailing" when she received EHI's complaint in this action.

4

Discussion

EHI argues that it is entitled to injunctive relief because Rubsamen has violated the provision in the noncompete agreement that for a period of 12 months following her separation from employment, she cannot engage in any employment in any business in which EHI is engaged and which is competitive with EHI.

On this issue the court does not find that EHI has demonstrated a likelihood of success, which is the "sine qua non" of the four part standard for entry of a preliminary injunction. *National Organization for Marriage v. Commission on Governmental Ethics,* 2015 ME 103 ¶ 28, 121 A.3d 792. Specifically, the court does not find on this record that the prohibition on employment in any business in which EHI is engaged is necessary to protect EHI's legitimate business interests. On this issue, the court notes that the legislature has recently declared that

> Noncompete agreements are contrary to public policy and are enforceable only to the extent that they are reasonable and are no broader than necessary to protect an employer's trade secrets [as defined in 20 M.R.S. § 1542(4)], an employer's confidential information, and an employer's good will.

26 M.R.S. § 599-A(2), enacted by Laws 2019 ch. 513 § 1, effective September 19, 2019.

Although the above provision was not in effect when Rubsamen signed her noncompete agreement with EHI, the court is not prepared to ignore the public policy as declared by the legislature in determining whether to enforce Rubsamen's noncompete agreement in this case. In addition, the legislative declaration of public policy as set forth in 26 M.R.S; § 599-A is consistent with Law Court decisions stating that a proper restrictive covenant

> cannot preclude [a former employee] from following any trade or calling for which he is fitted and from which he may earn a livelihood or from exercising the skill and general knowledge he

5

have acquired or increased he has acquired or increased through experience or even instructions while in employment.

*E.g., Bernier v. Merrill Air Engineers,* 2001 ME 17 ¶ 17.

Precluding Rubsamen from following her trade or calling is precisely the effect of EHI's noncompete agreement. This aspect of the EHI noncompete agreement is particularly unworthy of enforcement because this is not a case where Rubsamen left EHI for what she perceived to be a better opportunity. Instead, EHI was responsible for Rubsamen's separation from employment by terminating her – during a pandemic – and leaving her without any means to support herself other than unemployment benefits. The court is not aware of any case in which a noncompete agreement has been enforced under similar circumstances.[3]

EHI also argues that Rubsamen violated the non-solicitation and nondisclosure provisions of the March 5, 2018 agreement. The court assumes those provisions remain enforceable even though EHI terminated Rubsamen and did not do so due to any misconduct on her part. However, on this record, EHI has also not demonstrated a likelihood of success on those issues. Because one of its customers obtained a charter from VI Sailing through Rubsamen, EHI infers that Rubsamen must have violated the non-solicitation provision. In response, however, Rubsamen has offered a sworn affidavit that she has not solicited any EHI customers, that the customer referred to by EHI had booked charters with her before she went to EHI, and that the customer had reached out to her on LinkedIn.[4]

---

[3] The court therefore does not need to reach Rubsamen's argument that the reduction of her compensation after the effective date of 26 M.R.S. 599-A meant that her noncompete agreement became subject to that statute and violated §§ 599-A(3), 599-A(4) and 599-A(5).

[4] On this issue EHI has also not demonstrated irreparable harm because it can obtain monetary damages for any proven solicitation by Rubsamen resulting in diversion of customers.

6

Similarly, while EHI infers that Rubsamen must have disclosed to her new employer that EHI was using "Virgin Island Sailing" in its advertising, Rubsamen's sworn affidavit states that she was unaware that EHI was using that term in its advertising and did not disclose any EHI marketing information to her new employer. The court would also question whether language used in a company's advertising – which by its nature is intended to be seen by prospective customers and therefore cannot be concealed from competitors – could constitute "confidential business information" within the meaning of Rubsamen's non-competition and nondisclosure agreement and would be entitled to protection under that agreement.

The entry shall be:

Plaintiff Ed Hamilton Inc.'s motion for a temporary restraining order and for a preliminary injunction is denied. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated:   July 8, 2021

Thomas D. Warren
Justice, Superior Court

**Plaintiff–Scott Dolan, Esq.**
**Defendant–James Erwin, Esq.**

Entered on the Docket: 07/09/2021
MC

7